Argued January 27, affirmed February 9, 1972

BUTLER, *Appellant, v.* UNION PACIFIC
RAILROAD COMPANY, *Respondent.*

493 P2d 730

*Glenn H. Prohaska,* Portland, argued the cause for

appellant. With him on the brief were Monte Bricker and Reiter, Day, Wall & Bricker, Portland.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Randall B. Kester and Maguire, Kester & Cosgrave, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

O'CONNELL, C. J.

This is an action brought under the Federal Employers' Liability Act (45 USC § 51 et seq.) by an employee of defendant for personal injuries suffered in the course of the employment. The jury returned a verdict in favor of plaintiff in the amount of $15,000, and judgment was entered on the verdict. Plaintiff filed a motion for additur or in the alternative a new trial, both of which were denied by the trial court. Plaintiff appeals.

Plaintiff was employed as a brakeman by defendant. He was injured while engaged in a switching operation on tracks located on property owned by Boise Cascade Corporation. Along the tracks wood chips and wood pulp from Boise Cascade's pulp and paper plant had accumulated. The trainmen referred to this accumulation as "goop" or "muck" because of its gummy character. Plaintiff was injured as he alighted from a boxcar onto the gummy substance. Plaintiff testified that he slipped "because of the goop that had been on my foot had gotten into the stirrup when I mounted the car * * * there was still goop on my foot. I hadn't walked sufficient distance to dry it off or get the goop off. * * * * * I merely slipped due to the muck on my foot as I pushed off with my right foot in stepping to the ground."

There was medical testimony to the effect that plaintiff's injury was seriously disabling and permanent. It is plaintiff's contention that this serious character of plaintiff's injury was objectively established and that considering the effect it would have upon plaintiff's earning capacity the verdict of $15,000 was patently inadequate. Plaintiff then argues that since this case is brought under the Federal Employers' Liability Act the federal law controls and therefore we have the authority and the duty to correct the deficiency in the verdict by granting either an additur or a new trial. Defendant contends that an additur cannot be granted either under federal or state law.

We find it unnecessary to decide whether we have the power to increase the award made by the jury. The question of contributory negligence was an issue in the case and the jury could reasonably have diminished plaintiff's award to reflect his share of fault in producing his injury. Plaintiff argues that there is no evidence of contributory negligence. We disagree. The jury could have found that a reasonable man in plaintiff's position would have done more than plaintiff did to avoid the injury, such as scraping the gum from his shoe on or above the stirrup before he stepped down, or by taking greater precautions in alighting.

Moreover, the jury could have found that plaintiff's injury was not as serious as he claimed. There was evidence, some of it in the form of a movie film, showing that plaintiff carried on activities that could lead a jury to believe that plaintiff had exaggerated the seriousness and the disabling effect of his injury.

The judgment of the trial court is affirmed.